FLORENCE O. R. LANG AND WALTER KIDDE, EXECUTORS OF THE ESTATE OF HENRY LANG, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONENT.

Docket Nos. 71116, 74215.   Promulgated April 30, 1935.

*W. O. Morgan, Esq.,* and *James C. Rogers, Esq.,* for the petitioners.

*Wm. E. Davis, Esq.,* and *C. P. Reilly, Esq.,* for the respondent.

#### OPINION.

MORRIS: The question for our determination is whether, when the estate responded to the demands of the Corn Exchange Bank Trust Co. and paid the notes of the American Hair & Bristle Co., upon which the decedent was guarantor, the estate should be permitted to deduct the amounts so paid as debts ascertained to be worthless and charged off under sections 162 and 23 (j) of the Revenue Act of 1928, the American Hair & Bristle Co. being then liquidated, insolvent, and incapable of responding in payment itself or of reimbursing the estate for the amounts which it paid. Said sections of the act provide, in part, as follows:

SEC. 162. NET INCOME.

The net income of the estate or trust shall be computed in the same manner and on the same basis as in the case of an individual * * *.

SEC. 23. DEDUCTIONS FROM GROSS INCOME.

In computing net income there shall be allowed as deductions:

* * * * * * *

(j) *Bad Debts.*—Debts ascertained to be worthless and charged off within the taxable year (or, in the discretion of the Commissioner, a reasonable addition to a reserve for bad debts) ; and when satisfied that a debt is recoverable only in part, the Commissioner may allow such debt to be charged off in part.

Though the decedent was, in a purely technical sense, a mere guarantor of the obligations of the American Hair & Bristle Co., he was, in the practical sense, the primary and sole obligor, having stepped into the shoes and taken the place of the American Hair & Bristle Co., with full knowledge at the time of its inability to respond in payment. The Corn Exchange Bank Trust Co. did not renew those notes upon the strength of any credit standing of American Hair & Bristle Co. upon its promise to pay, nor upon any property it owned or posted as collateral for the payment thereof. In accepting such renewal notes the bank relied exclusively upon the promise of the decedent and upon his pledge of 4,000 shares of Ingersoll-Rand Co. common stock, not upon the financial responsibility of the American Hair & Bristle Co.

That is the only consistent position that can be adopted in this proceeding if, as the petitioner claims the right to do in a separate estate tax proceeding before us, we are to permit the deduction of the amount of these notes in the computation of the net taxable estate of the decedent. If the decedent should be considered a mere guarantor or secondary obligor, in this proceeding, hence, required to respond in payment only upon default of the primary obligor and after notice and demand of the payee, the decedent's estate would be in no position to deduct the amount of said notes from the gross estate in the computation of the net taxable estate, as the estate would not be primarily liable for the payment thereof. The more reasonable view under the circumstances is that the decedent's obligation was greater than this. At the time of the renewal of the notes the American Hair & Bristle Co. had no assets and was carrying on no business. The decedent was the only one to whom the bank could look for payment, and, rather than respond when the notes fell due, he had them renewed.

Being primarily liable, the estate can not now claim that it was a mere secondary obligor; that when demand was made upon it a debtor-creditor relationship sprang into existence; and that upon failure to obtain reimbursement it was entitled to take a deduction of $237,000 as a bad debt upon the theory of *Shiman* v. *Commissioner*, 60 Fed. (2d) 65, and at the same time contend that the decedent's obligation was of such nature as to constitute a deductible claim against the estate at the time of his death. The two are inconsistent and irreconcilable.

Reviewed by the Board.

*Judgment will be entered for the respondent.*